IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02384-GPG

LEROY D. FRESQUEZ,

      Plaintiff,

v.

JIM WEBBER,
PAUL HAULENBECK,
DAVID SHUBARTH,
JAMES FALK,
MICHELLE WINGERT,
KENNETH WILDERSTEIN,
J. ZWIRN,
MR. MISCHINRA,
MR. GREENSLADE,
RONALD GILES,
JESSICA DARCEY,
RAYMOND COLE,
STEVEN BADE,
ROBERT DICK,
TOMMY MERTENS,
MR. HOLLIS,
MR. CUSTER,
MR. CURRY,
CHRISTOPHER BARBER, and
KATHLEEN RHOADES,

      Defendants.

---

## ORDER TO AMEND

---

      Plaintiff Leroy D. Fresquez currently is detained at the Jefferson County Detention

Facility in Golden, Colorado.   On October 27, 2015, Plaintiff filed a Prisoner Complaint

and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.

Plaintiff has been granted leave to proceed pursuant to § 1915.

1

The Court must construe Plaintiff's Complaint liberally because he is not represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the Court should not act as an advocate for a pro se litigant.   *See Hall*, 935 F.2d at 1110.   Plaintiff will be directed to file an Amended Complaint for the reasons stated below.

First, the Complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.   The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.   *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).   The requirements of Rule 8 are designed to meet these purposes.   *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."   The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."   Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.   Prolix pleadings violate the requirements of Rule 8.   *See Schupper v. Edie*, 193 F. App'x 744, 745-46 (10th Cir. 2006) (upheld the dismissal of a thirty-eight page

2

complaint, containing 292 paragraphs, plus 120 pages of exhibits as unnecessarily prolix).

Plaintiff fails to provide a short and plain statement of his claims showing that he is entitled to relief.   In particular, the Complaint is forty pages long, which does not comply with the Information and Instruction for Filing a Prisoner Complaint that requires the complaint and all additional pages must not exceed thirty pages.   *See* www.cod.uscourts.gov/CourtOperations/RulesPocedures/Forms.aspx.   Furthermore, Plaintiff names twenty-one defendants, and refers to other individuals, not named as defendants, as responsible parties in the body of the Complaint.   The Complaint is repetitive, prolix, and set forth in a chronological statement of events rather than in a short and concise statement that sets forth the facts in support of the claims against named Defendants.

To state a claim in federal court Plaintiff must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated.   *Nasious v. Two Unknown B.I.C.E. Agents*, 492   F.3d 1158, 1163 (10th Cir. 2007).   Plaintiff also is required to assert personal participation by each named defendant in the alleged constitutional violation. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).   To establish personal participation, Plaintiff must show how each named individual caused the deprivation of a federal right.   *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).   There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.   *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

A defendant may not be held liable for the unconstitutional conduct of his or her

subordinates on a theory of respondeat superior.    *See Ashcroft v. Iqbal*, 556 U.S. 662,

676 (2009).    Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for
> conduct "arising from his or her superintendent
> responsibilities," the plaintiff must plausibly plead and
> eventually prove not only that the official's subordinates
> violated the Constitution, but that the official by virtue of his
> own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at

677).    Therefore, in order to succeed in a § 1983 suit against a government official for

conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and

demonstrate that: "(1) the defendant promulgated, created, implemented or possessed

responsibility for the continued operation of a policy that (2) caused the complained of

constitutional harm, and (3) acted with the state of mind required to establish the alleged

constitutional deprivation."    *Id.* at 1199.

Plaintiff also cannot maintain claims against prison officials or administrators on

the basis that they denied his grievances.    The "denial of a grievance, by itself without

any connection to the violation of constitutional rights alleged by plaintiff, does not

establish personal participation under § 1983."    *Gallagher v. Shelton*, 587 F.3d 1063,

1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, No. 07-1425, 307 F. App'x. 179, 193

(10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is

insufficient to establish personal participation in the alleged constitutional violations.")

(internal quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility*, No.

02-1486, 99 F. App'x. 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending

"correspondence [to high-ranking prison official] outlining [a] complaint . . . without more,

does not sufficiently implicate the [supervisory official] under § 1983").

Furthermore, pursuant to Rule 18(a) of the Federal Rules of Civil Procedure, "[a]

party asserting a claim . . . may join, as independent or alternative claims, as many claims

as it has against an opposing party."   However, the issue of whether multiple defendants

may be joined in a single action is governed by Rule 20(a)(2) of the Federal Rules of Civil

Procedure, which provides:

> (2) ***Defendants***.   Persons . . . may be joined in one action as
> defendants if:
>
> > (A) any right to relief is asserted against them
> > jointly, severally, or in the alternative with
> > respect to or arising out of the same transaction,
> > occurrence, or series of transactions or
> > occurrences; and
> >
> > (B) any question of law or fact common to all
> > defendants will arise in the action.

Fed. R. Civ. P. 20(a).

Plaintiff has identified multiple issues throughout the Complaint.   The issues

involve the alleged actions of various defendants.   To the extent that Plaintiff may intend

to join separate and unrelated issues against multiple defendants based on a conclusory

statement of retaliation he is precluded from doing so.   *See Gillon v. Fed. Bureau of*

*Prisons, et al.*, 424 F. App'x 722, 725-26 (10th Cir. 2011) (finding that plaintiff could not

join separate and unrelated claims arising out of different incidents based on an

"overarching" allegation of retaliation).

"Misjoinder of parties is not a ground for dismissing an action."   Fed. R. Civ. P. 21.

Instead, " '[t]o remedy misjoinder, . . . the court has two remedial options:   (1) misjoined

parties may be dropped on such terms as are just; or (2) any claims against misjoined

parties may be severed and proceeded with separately.' "   *Nasious v. City and County of*

*Denver*, 415 F. App'x 877, 881 (10th Cir. 2011) (quoting *DirecTV, Inc., v. Leto*, 467 F.3d

842, 845 (3d Cir. 2006)).   The Court, nonetheless, will refrain from dropping or severing

parties at this time because Plaintiff must submit an Amended Complaint that complies

with the joinder requirements of the Federal Rules of Civil Procedure.

Also, Plaintiff must plead he actually was impeded in his ability to conduct a

particular case to state a violation of his right to access the courts.   *See Casey v. Lewis*,

518 U.S. 343 (1996).   The right of access to the courts extends only as far as protecting

an inmate's ability to prepare initial pleadings in a civil rights action regarding his current

confinement or in an application for a writ of habeas corpus.   *See Wolff v. McDonnell*,

418 U.S. 539, 576 (1974); *Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995).   An

inmate must satisfy the standing requirement of "actual injury" by showing that the denial

of legal resources hindered his efforts to pursue a nonfrivolous claim.   *Casey*, 518 U.S.

at 349-353.

In *Casey*, the Supreme Court cites two examples of when an inmate's efforts to

pursue a legal claim may be hindered.   First, an inmate's efforts may be hindered when a

complaint prepared by an inmate is dismissed for failure to satisfy a technical requirement

due to deficiencies in a prison's legal assistance facilities.   *Casey*, 518 U.S. at 351.

Another example of hindering an inmate's efforts would be when an inmate is

so stymied by inadequacies of the law library that he is unable to file a complaint.   *Id.*

Accordingly, it is

ORDERED that **within thirty days from the date of this Order**, Plaintiff shall file

an Amended Complaint that complies with this Order.   It is

FURTHER ORDERED that if Plaintiff fails to file an Amended Complaint that

complies with this Order, within the time allowed, the action will be dismissed without

further notice.

DATED October 30, 2015, at Denver, Colorado.

BY THE COURT:

_____

Gordon P. Gallagher
United States Magistrate Judge