IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 15–cv–02384–REB–KMT

LEROY D. FRESQUEZ,

      Plaintiff,

v.

J. ZWIRN
RONALD GILES,
JESSICA DORCEY,
RAYMOND COLE,
STEVEN BADE,
TOMMY MERTENS,
MR. HOLLIS,
MR. CUSTER,
KATHLEEN RHOADES, and
NURSE BRITTNEY,

      Defendants.

## ORDER

This matter is before the court on Plaintiff's "Motion for Appointment of Pilot Program Pro Bono Attorney." (Doc. Nos. 13 & 18, filed January 4, 2016 and January 27, 2016, respectively.)[1]

Plaintiff filed his initial Complaint on October 27, 2015. (Doc. No. 1.) On October 30, 2015, Magistrate Judge Gordon Gallagher ordered Plaintiff to amend his Complaint in order to comply with Fed. R. Civ. P. 8. (Doc. No. 5.) Plaintiff filed his Amended Complaint on February

---

[1] The court notes the content of these documents are identical.

12, 2016, asserting five separate claims. (Doc. No. 19.) Magistrate Judge Gallagher issued an Order on April 5, 2016 dismissing a portion of Plaintiff's claims and/or named defendants but finding that four claims should proceed. (Doc. No. 23.) Plaintiff's proceeding claims are based on allegations that he was subjected to excessive force and inadequate medical care in violation of the Eighth Amendment and deprived of due process in violation of the Fourteenth Amendment. (*See generally* Doc. Nos. 19, 23.)

In his present Motions, Plaintiff seeks to have the court appoint an attorney from the Civil Pro Bono Panel ("Panel"), established by and through the United States District Court for the District of Colorado's Civil Pro Bono Program. See D.C.COLO.L.AttyR 15. Because Plaintiff is proceeding *in forma pauperis* (*see* Doc. No. 4), when considering whether to appoint an attorney from the Panel, the court considers the following factors:

(a) the nature and complexity of the action;

(b) the potential merit of the pro se party's claims;

(c) the demonstrated inability of the pro se party to retain counsel by other means; and

(d) the degree to which the interests of justice will be served by appointment of counsel, including the benefit the Court may derive from the assistance of appointed counsel.

D.C.COLO.L.AttyR 15(f)(1)(B).

In his Motions, Plaintiff indicates that he is unable to retain an attorney based on his incarceration and a lack of financial means. (Doc. No. 13 at 2.) Although the court notes these circumstances are not unique, the third factor arguably favors appointing counsel to represent

Plaintiff.  Nevertheless, the court finds that the remaining factors weigh against an appointment of counsel.  First, the court finds Plaintiff's claims are not particularly complex, novel, or difficult to analyze.  Indeed, through his Amended Complaint, Plaintiff has demonstrated an ability to communicate the bases of his claims to the court.  Given the liberal standards governing *pro se* litigants, it appears Plaintiff can adequately present his case without the assistance of counsel.  In addition, the court is not convinced at this juncture that Plaintiff's claims are sufficiently strong to warrant an appointment of counsel.

Altogether, the court finds the interests of justice, including the court's own interests, weigh against appointing an attorney from the Panel to represent Plaintiff.

Therefore it is

**ORDERED** that Plaintiff's motions, "Motion for Appointment of Pilot Program Pro Bono Attorney" (Doc. Nos. 13 & 18), are **DENIED**.

Dated this 6th day of April, 2016.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge